UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| PATRICK BROWN, ET AL. | CIVIL ACTION NO. 04-0759-A |
| -vs- | JUDGE DRELL |
| TOM RIDGE, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court are two Reports and Recommendations issued by the Magistrate Judge (Document Nos. 50 and 75) and multiple motions (Document Nos. 3, 73, 78, 82, 83, 88, and 92). After reviewing the entire file in this matter, including the written objections, and concurring in part with the Magistrate Judge's findings under the applicable law, this Court adopts the Reports and Recommendations subject to the modifications outlined below.

For the reasons set forth herein, the claims of Fredo Gustave, Eric Bell, Ramit Narang, Leroy Bacchus, and Hussein Nasrallah are DISMISSED WITHOUT PREJUDICE for failure to notify the Court of a change of address; all claims against the "Concordia Parish Sheriff's Department" are DISMISSED WITH PREJUDICE; the Motion for Class Certification (Document No. 3) is DENIED; and Patrick L. Brown's Motion to Dismiss (Document No. 73) is DENIED AS MOOT.

Additionally, Patrick L. Brown's Motion to Reinstate Case (Document No. 78) is DENIED AS MOOT; Plaintiffs' Motion for Extension of Time to Amend Complaint (Document No. 82) is GRANTED IN PART AND DENIED IN PART, and the remaining plaintiffs are given until November 15, 2005 to file any proposed amendment; Plaintiffs' Motion for Class Certification (Document No. 83) is DENIED; Plaintiffs' Motion for Extension of Time to Object to the Report and Recommendation (Document No. 88) is DENIED AS MOOT; and Patrick L. Brown's Motion to Withdraw Motion to Dismiss (Document No. 92) is GRANTED.

The Change of Address Issue

> Uniform District Court Rule 41.3W provides, in pertinent part:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

A review of the record shows the following Plaintiffs have failed to notify the Court of any change of address and have had numerous documents returned that were sent to their last known address: Fredo Gustave; Eric Bell; Ramit Narang; Leroy Bacchus; and Hussein Nasrallah. Therefore, the claims of those Plaintiffs are DISMISSED WITHOUT PREJUDICE.

Claims Against the Concordia Parish Sheriff's Department

> "It is well settled that the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued; such

status is reserved to the Sheriff." <u>Ashy v. Migues</u>, 99-1502 (La. App. 3d Cir. 04/05/00), <u>writ den.</u>, 2000-1937 (La. 10/6/00), 771 So.2d 85.

Therefore, any and all claims against the Concordia Parish Sheriff's Department are DISMISSED WITH PREJUDICE.

<u>Motions for Class Certification</u>

The record contains two pending motions to certify this case as a class action. (Document Nos. 3 and 83.) Although the Magistrate Judge recommended denial of the first motion as moot, his Report and Recommendation also addressed the substantive reasons to deny class certification. (Document No. 50, p. 8, n. 3.) The Court agrees with the Magistrate Judge's analysis on this point under the applicable law and adopts the above-referenced discussion as if repeated in full.

Accordingly, both motions for class certification (Document Nos. 3 and 83) are DENIED.

<u>Patrick L. Brown's Motions to Dismiss, Reinstate Case, and Withdraw Motion to Dismiss</u>

After the Magistrate Judge recommended Patrick L. Brown be allowed to dismiss his claims voluntarily, Plaintiff apparently had a change of heart. Mr. Brown asked both for reinstatement of his case and for a withdrawal of his previously-filed Motion to Dismiss. (Document Nos. 73, 78, and 92.) Under the unique circumstances presented in this case, the Court will allow Mr. Brown's litigation to proceed.

Therefore, Mr. Brown's Motion to Withdraw Motion to Dismiss (Document No. 92) is GRANTED, his Motion to Dismiss (Document No. 73) is DENIED AS MOOT, and his Motion to Reinstate Case (Document No. 78) is DENIED AS MOOT.

Extensions of Time

In the interest of justice, the Motion for Extension of Time to Amend Complaint (Document No. 82) is GRANTED as to the remaining Plaintiffs, Patrick L. Brown, Franklin Moreno, Rafiu Abimbola, Prince C. Brown, Augusto Moreira, Alexander W. Ndaula, and Curtis Banks, and is DENIED AS MOOT as to the dismissed Plaintiffs. Plaintiffs are given through November 15, 2005 to file the proposed amendment.

Plaintiffs' Motion for Extension of Time to Object to Report and Recommendation (Document No. 88) is DENIED AS MOOT.

CONCLUSION

Accordingly, IT IS ORDERED, ADJUDGED, AND DECREED that the claims of Fredo Gustave, Eric Bell, Ramit Narang, Leroy Bacchus, and Hussein Nasrallah are DISMISSED WITHOUT PREJUDICE for failure to notify the Court of a change of address; all claims against the "Concordia Parish Sheriff's Department" are DISMISSED WITH PREJUDICE; the Motion for Class Certification (Document No. 3) is DENIED; and Patrick L. Brown's Motion to Dismiss (Document No. 73) is DENIED AS MOOT.

Additionally, Patrick L. Brown's Motion to Reinstate Case (Document No. 78) is DENIED AS MOOT; Plaintiffs' Motion for Extension of Time to Amend Complaint (Document No. 82) is GRANTED IN PART AND DENIED IN PART, and the remaining Plaintiffs are given until November 15, 2005 to file any proposed amendment; Plaintiffs' Motion for Class Certification (Document No. 83) is DENIED; Plaintiffs' Motion for Extension of Time to Object to the Report and Recommendation (Document No. 88) is DENIED AS MOOT; and Patrick L. Brown's Motion to Withdraw Motion to Dismiss (Document No. 92) is GRANTED.

SIGNED on this <u>30th</u> day of September, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge