U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUN - 6 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK BROWN, ET AL. | CIVIL ACTION NO. 04-0759-A |
| -vs- | JUDGE DRELL |
| TOM RIDGE, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court is a Report and Recommendation issued by the Magistrate Judge (Doc. 109) addressing whether the original complaint filed by several Plaintiffs, some of whom were previously dismissed, should be dismissed. After reviewing the pleadings in this case, including Rafiu Abimbola's "Objection to the Magistrate Judge's Last Report and Recommendation", which included amendments to his complaint (Doc. 152), and concurring in part with the Magistrate Judge's findings under the applicable law, this Court adopts the Report and Recommendation as to all Plaintiffs except as to Mr. Abimbola's claims for denial of his right to religious freedom and violations of his First Amendment rights to the press. As to these claims, we adopt the Report and Recommendation subject to the modifications outlined below.

The Magistrate Judge recommends we dismiss the claims because none of the Plaintiffs, who initially only sought declaratory and injunctive relief, are still incarcerated at Concordia Parish Correctional Facility, Phase II (CPCF-II). (Doc.

109). However, in his amendments, Mr. Abimbola requests "monetary damages of $50,000.00 to those aliens that was [sic] detained at CPCF and Etowah for extended period of time." (Doc. 152). Considering Mr. Abimbola's new request for monetary relief, his claims for monetary damages arising from alleged violations occurring while incarcerated at CPCF-II are not moot. Because the other Plaintiffs did not join in Mr. Abimbola's amendments to the complaint and because Mr. Abimbola is not an attorney acting in a representative capacity, the amendments to the complaint cannot salvage the other Plaintiffs' claims. Mr. Abimbola's claims for injunctive and declaratory relief for injuries allegedly sustained while incarcerated at CPCF-II are moot because he no longer resides in that facility. Despite Mr. Abimobla's contention that his case is capable of repetition yet evading review (Doc. 152), any suggestion of relief based on the possibility of being transferred back to a facility is too speculative to merit relief. Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001). Therefore, all of Mr. Abimbola's claims for injunctive and declaratory relief are DISMISSED WITH PREJUDICE. As outlined below, two of his claims for monetary relief will not be so dismissed.

The Magistrate Judge recommends dismissal of Mr. Abimbola's claims for denial of his right to religious freedom. Mr. Abimbola, a Muslim, claims that Muslims were not permitted to congregate for "Jumah Prayer service" on Fridays even though Christians were permitted to gather for religious purposes. (Doc. 1). We agree with the Magistrate's recommendation except in so far as Mr. Abimbola

has amended his complaint to seek monetary damages. Claims for monetary damages to compensate a detainee for imposition on his right to religious freedom may remain viable even after he has been transferred to a new location. See Sutton v. Rasheed, 323 F.3d 236 (3rd Cir. 2003); Patrick v. LeFevre, 745 F.2d 153 (2nd Cir. 1984).

The Magistrate Judge also recommends dismissal of Mr. Abimobla's claim for alleged violations of his First Amendment rights to the press because Mr. Abimobla had not alleged any specific injury. However, Mr. Abimobla now specifically alleges that "he is an active subscribers [sic] to the Economist Magazines [sic], and several issues of these [sic] magazines were returned to the publisher." (Doc. 152). To the extent Mr. Abimobla has alleged that his subscription to the Economist magazine was withheld from him and he seeks monetary damages for any injury he may have suffered as a result of that withholding, we will permit his claim to continue.

Therefore, all claims made by Plaintiffs other than Rafiu Abimbola are DISMISSED WITH PREJUDICE. All of Mr. Abimbola's claims are DISMISSED WITH PREJUDICE except for his claims seeking monetary damages as a result of alleged violations of his right to religious freedom and his right to the press.

SIGNED on this _____ day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3